**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MONIQUE MANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| ALLY FINANCIAL, INC. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MONIQUE MANNING, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of ALLY FINANCIAL, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.
2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).
3. Defendant conducts business in Kennesaw, Cobb County, Georgia.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff, is a resident of Kennesaw, Cobb County, Georgia.
6. Defendant is based in Philadelphia, Pennsylvania.

## FACTUAL ALLEGATIONS

7. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone number ending in 5233 to collect on Plaintiff's alleged debt.
8. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.
9. None of the calls Defendant made to Plaintiff were for an emergency purpose.
10. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from the following telephone numbers: 888-925-2559, 855-237-2357, and 866-950-7475.
11. The following telephone numbers are Defendant's phone numbers: 888-925-2559, 855-237-2357, and 866-950-7475.
12. Since August, 2016, Plaintiff has repeatedly requested that Defendant stop calling Plaintiff's cellular telephone.
13. Each time, Respondent's agents tell Plaintiff that there is nothing they can do and the calls will continue.
14. Despite Plaintiff's requests that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

15. On December 5, 2016 Agruss Law Firm, LLC, mailed Defendant a letter requesting Defendant stop calling Plaintiff's cellular telephone.

16. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

17. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

18. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

19. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

20. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

21. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

22. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

23. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

24. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the

capacity to call stored telephone numbers automatically.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

32. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

33. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MONIQUE MANNING, respectfully requests judgment be entered against Defendant, ALLY FINANCIAL, INC., for the following:

34. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47

U.S.C. 227(b)(3)(B).

35. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

36. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

37. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

February 10, 2017

By: /s/Shireen Hormozdi

Shireen Hormozdi
SBN: 366987
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff